I «SOL GOTHARD, Judge.
This is an appeal from a workers’ compensation claimant who seeks review of a district court judgment which denied claimant’s request for contempt proceedings and sanctions pursuant to LSA-R.S. 28:1810.7(B)(2).
The record shows that claimant, Marco Piedy, was injured while in the course and scope of his employment with defendant, Western Auto. On January 15, 1999, the court rendered a judgment ordering Western Auto to submit copies of certain documents for an in camera inspection by January 22, 1999. On February 3, 1999, Western Auto filed an application for supervisory writs in this Court seeking review of that ruling. On March 2, |«1999, we denied the application stating “(o)n review, considering the trial court is going to have an in camera inspection before ordering the materials disclosed to the plaintiff, we cannot say the trial court abused its discretion.” Piedy v. Western Auto, 99-C-145 (La.App. 5 Cir. 3/2/99). Despite the order of the hearing officer, and the denial of the writ application, Western Auto did not submit the materials for an in camera inspection. On August 11, 1999, the Office of Workers’ Compensation again ordered Western Auto to produce the documents, and further ordered that “appropriate sanctions should be assessed against, defense counsel, Mr. Frieman for his violation of the Courts’ order.”
Claimant filed a “Motion for Contempt and Sanctions”, which was docketed for September 17, 1999. It was not until September 21, 1999 that Western Auto submitted the requested material to the Office of Workers’ Compensation. When the court inspected the documents, it found that certain portions of the documents were obliterated so as to render the documents useless. Other documents were totally unreadable. This action by Western Auto prompted the court to sign a judgment on October 28, 1999 which made the judgments of January 15th and August 11th, 1999 executory and enforceable in the Twenty-Fourth Judicial District Court for the Parish of Jefferson and the Fifth Circuit Court of Appeal. In the reasons for judgment, the court noted that the “defendants continue to attempt to circumvent the orders” of the court and that it had been almost ten months since the original order was given for the in camera inspection. Western Auto filed writs with *907 this Court seeking review of that judgment. We denied writs stating:
|4On the showing made we find no error in the ruling by the OWC Judge, referring the matter to district court for contempt proceedings due to relator’s refusal to comply with OWC orders from which writs were denied by this court. Relator’s remedy from the ruling to produce documents, after a writ denial by this court, was a writ application to the Louisiana Supreme Court and not simply non-compliance with the outstanding court order.
Piedy v. Western Auto, 99-C-1301 (La.App. 5 Cir. 12/17/99); writ denied 2000-CC-0140 (La.3/17/00), 757 So.2d 640.
Subsequently, claimant filed a “Motion to Fix Sanctions” which was considered on August 17, 2000. After a hearing on the matter, the court rendered judgment which granted the motion and assessed penalties in the amount of $3,000.00 each for noncompliance with the judgments rendered on January 15, 1999, August 11, 1999 and October 28, 1999. Additionally, the court assessed attorney fees in the amount of $10,000.00. The court also recommended additional sanctions for failure to comply with writs from the Fifth Circuit Court of Appeal.
It was that judgment of the Office of Workers’ Compensation which prompted claimant to file a petition in the Twenty-Fourth Judicial District Court to enforce the judgment of the Office of Workers’ Compensation which fixed sanctions and for contempt proceedings in accordance with the recommendations of that court.
After a hearing on the matter the trial court rendered a judgment in which it stated in pertinent part:
... Because Plaintiffs Petition to Enforce Judgment concerns sanctions which he prays to be awarded due to violations of orders of the Fifth Circuit Court of Appeal, the court finds that this matter would more appropriately be handled by the Fifth Circuit Court of Appeal, and therefore Plaintiffs Petition to Enforce Judgment is denied.
Plaintiff filed an appeal from that judgment.
Lin his appellate brief, claimant/plaintiff urges this Court to find Western Auto in contempt and award penalties. Western Auto asserts that an additional award is inappropriate because sanctions for failure to comply with the three orders of the Office of Workers’ Compensation Court have already been assessed. Further, defendant points out that this Court did not issue an order, it merely denied writs after consideration of the hearing officer’s orders.
We first note that we are without jurisdiction to grant plaintiffs request to find defendant in contempt and issue sanctions. This Court is a court of review, not a court of first impression. This Court merely reviewed the decisions made by the hearing officer, it did not issue any orders to Western Auto. The only matter before us is the review of the May 8, 2001 judgment of the district court which denied claimant/plaintiffs petition.
Pursuant to LSA-R.S. 23:1301.7(B)(2) the district court has jurisdiction over a constructive contempt petition arising out of workers’ compensation proceeding. Thus, the claimant/plaintiffs petition was properly filed in the district court and that petition can only be dismissed in accordance with the Code of Civil Procedure. It appears that the trial court considered this petition as a motion rather than a petition and simply denied it. That constitutes legal error.
Claimant’s petition was properly filed and is entitled to the court’s consideration as outlined in LSA-C.C.P. Art. 221 et seq. Any exceptions or defenses defendant may *908 have can be raised by procedures appropriate pursuant to law in the course of the proceedings.
|fiFor the foregoing reasons, we reverse the trial court’s ruling denying claimant/plaintiffs petition for contempt and to make the judgment of the Office of Workers’ Compensation Court executory, and reinstate the petition for consideration in the Twenty-Fourth Judicial District Court in accordance with the Code of Civil Procedure and this opinion.
REVERSED AND REMANDED.